# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5193 | **DATE** | 4/27/2011 |
| **CASE TITLE** | Tamara L. Trombetta vs. Illinois Department of Children & Family Services, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, defendants Erwin McEwen and the Illinois Department of Children and Family Services "Motion to Dismiss" [13] is granted. Plaintiff Tamara Trombetta's claims against Defendants are dismissed with prejudice.

■[ For further details see text below.]   Notices mailed.

## STATEMENT

On March 10, 2011, plaintiff Tamara L. Trombetta ("Trombetta") filed a complaint against Erwin McEwen ("McEwen"), Director of the Illinois Department of Children and Family Services, in his official capacity, and the Illinois Department of Children and Family Services ("DCFS") (collectively "Defendants"). In her complaint, Trombetta brings claims against Defendants for violations of 42 U.S.C. § 1983 based on DCFS's investigation of Trombetta which allegedly resulted in the loss of Trombetta's employment at Wheaton School District No. 200. (Dkt. No. 1 ("Compl.") ¶¶ 6-7, 11, 17-22.) Currently before the court is Defendants' "Motion to Dismiss" (Dkt. No. 13). For the reasons explained below, Defendants' Motion is granted, and Trombetta's § 1983 claims are dismissed with prejudice.

Defendants have moved to dismiss Trombetta's complaint, arguing that (1) the Eleventh Amendment bars Trombetta's claims; or, alternatively (2) Trombetta filed her complaint after the expiration of the statute of limitations. The court agrees with Defendants that Trombetta's complaint must be dismissed but bases this determination on a different reason than those articulated by Defendants. Although Defendants are likely correct that the Eleventh Amendment would bar Trombetta's § 1983 claims, the court need not and should not reach that issue because § 1983 does not recognize claims against a state agency or a state official acting in his official capacity. *Mercado v. Dart*, 604 F.3d 360, 362 (7th Cir. 2010).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although the complaint need not contain "detailed factual allegations," "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole*, 634 F.3d at 903 (quoting *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in [its] favor. *Id.*

| STATEMENT |
|---|

Here, viewing the facts in the complaint in the light most favorable to Trombetta, the court finds that Trombetta has failed to state a §1983 claim. Under §1983,

> [e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (emphasis added).

"[A] state (including a state official sued in an official capacity) is not a 'person' for purposes of §1983." *Mercado v. Dart*, 604 F.3d 360, 361-62 (7th Cir. 2010) (Easterbrook, J.) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989)). The Seventh Circuit has instructed that if the plaintiff has not sued a "person" under § 1983, "it [is] unnecessary *and inappropriate* to consider what limits the eleventh amendment would create." *Id.* at 362 (emphasis added) (citing *Lapides v. Bd. of Regents*, 535 U.S. 613, 617-18 (2002)). Here, DCFS is an agency of the state of Illinois, *Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999), and McEwen is a state official sued only in his official capacity. Trombetta therefore cannot state a claim against either defendant under § 1983, and the court does not consider whether Eleventh Amendment immunity would apply. *Mercado*, 604 F.3d at 362.

Because neither DCFS nor McEwen are "persons" for purpose of § 1983, Trombetta has not stated a claim under § 1983. Defendants' "Motion to Dismiss" accordingly is granted, and Trombetta's claims are dismissed with prejudice.

*James F. Holderman*